UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JESSICA S.S., <br><br> Petitioner, <br><br> v. <br><br> TODD LYONS, in his capacity as Acting Director, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General, Executive Office for Immigration Review; Daren Margolin; and DAVID EASTERWOOD, Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement and Removal Operations, <br><br> Respondents. | Case No. 26-CV-101 (NEB/DTS) <br><br> ORDER ON <br> PETITION FOR <br> WRIT OF HABEAS CORPUS |

This matter is before the Court on petitioner Jessica S.S.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Jessica S.S. is a citizen of Ecuador who has lived in the United States since August of 2023 when she entered the country without inspection. (*Id.* at 11.)

Jessica S.S. entered the United States to seek asylum. (*Id.*) The Department of Homeland Security charged her as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and

placed her in removal proceedings under 8 U.S.C. Section 1229a. Pursuant to Section 1226(a), DHS released Jessica S.S. on her own recognizance. (ECF No. 1-1 at 30–32.)

Despite that order, and despite the pending asylum application, ICE detained Jessica S.S. on January 7, 2026. (Pet. at 12.) Afterwards, Jessica S.S. filed this habeas action challenging her detention under 28 U.S.C. § 2241.

Jessica S.S. is one of hundreds of petitioners across the country who have challenged their detention by ICE. Like those others, Jessica S.S. argues she has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because she has been living in the United States since she entered the country over two years ago, Jessica S.S. asserts that Section 1226, rather than Section 1225, applies. And because she has already been released on her own recognizance under Section 1226(a), she argues she is entitled to immediate release. She asserts that her detention under Section 1225(b)(2) violates the Fifth Amendment and the INA.

The Court has already concluded that petitioners similarly situated to Jessica S.S. are subject to Section 1226 under the law. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but Jessica S.S. was detained while "already in the country pending the outcome of removal proceedings." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). Respondents concede that the Court's

decision in *R.E.* controls Jessica S.S.'s Petition. (ECF No. 6.)[1] The Court therefore grants the Petition for Writ of Habeas Corpus.

The issue left for the Court is the appropriate remedy—immediate release or a bond hearing. Jessica S.S. asserts that immediate release is warranted because she has already been released on her own recognizance under Section 1226, and Section 1226 provides no authority to revisit that determination years later, especially without any material changes in Jessica S.S.'s circumstances. Respondents do not respond to this argument. Respondents' detention of Jessica S.S. without any notice or opportunity to be heard regarding the revocation of parole violated Jessica S.S.'s Fifth Amendment rights. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034-35 (N.D. Cal. 2025). Because Jessica S.S.'s liberty interest stems from her release her on her own recognizance, immediate release is warranted. *E.g.*, *Gergawi v. Larose*, No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *4 (S.D. Cal. Dec. 23, 2025); *Mayamu K. v. Bondi*, No. 25-3035 (JWB/LIB), 2025 WL 3641819, at *8 (D. Minn. Oct. 20, 2025).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[1] The Court notes that Respondents' arguments to the contrary are preserved for appeal. (*See* ECF No. 6.)

1. Jessica S.S.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as follows. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

    b. ENJOINS Respondents moving Petitioner outside of Minnesota prior to her release;

    c. ORDERS that Respondents **immediately release** Petitioner from custody in Minnesota subject to the conditions of her August 24, 2023 Order of Release on Recognizance; and

    d. ORDERS that, within **two days**, Respondents confirm Petitioner's release by filing notice on the docket.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 16, 2026                               BY THE COURT:

                                                      s/Nancy E. Brasel
                                                      Nancy E. Brasel
                                                      United States District Judge